**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**

PENG WANG,

1807 Great Falls St, McLean, VA 22101

      Plaintiff

v.

MARSHALL MOYA DESIGN LLC,

 2201 Wisconsin Avenue NW, Unit 305, Washington, DC 20007

      Defendant

Civil Case No. 18--892

## COMPLAINT

**COMES NOW** Plaintiff Peng Wang by and through his undersigned counsel, and for his complaint avers and alleges as follows:

### PRELIMINARY STATEMENT

1.  Since its inception, this nation has been continually infused with the energy of newcomers. Yet their assimilation in the workplace has seldom been smooth. The challenges faced in the workplace often leave indelible effects on the careers and health of hardworking immigrants causing pain, despair and despondency. Plaintiff Peng Wang an immigrant from China brings this action against his former employer Marshall Moya Design LLC., for their willful, wanton and malicious violation of Title VII of the Civil

Rights Act 42 U.S.C. §2000e *et seq*, and the District of Columbia Human Rights Act ("DCHRA") of 1977, as amended § 2-1401.01 *et seq*, which caused him to sustain injury and monetary damages.

## JURISDICTION

2. Personal jurisdiction exists over Defendants as they are doing business and have the necessary minimum contacts within the District of Columbia.

3. Federal Question jurisdiction exists because Plaintiff herein alleges violation of  Title VII of the Civil Rights Act 42 U.S.C. §2000e *et seq* and the Fair Labor Standards Act, as codified, 29 U.S.C. §§ 201 to 209

4. Supplemental jurisdiction is proper under 28 U.S.C. § 1367 for the Court to hear additional state law claims because they are substantially related to the original claim.

5. Plaintiff has complied with all prerequisites to filing this consolidated action by exhausting all administrative remedies.

6. On January 18, 2018 the EEOC issued Plaintiff a Right To Sue Letter for EEOC Charge number 570-2018-00861N


## VENUE

7. Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendant Marshall Moya Design LLC is a resident of this judicial district and because the unlawful employment practices were committed in this judicial district.

## PARTIES

8.  Plaintiff Peng Wang is a 45 year old immigrant from China, and a resident of the State of Virginia who, at all times relevant to this Complaint, was an employee within the definition of  Title VII of the Civil Rights Act 42 U.S.C. §2000e (f) and  the D.C Human Rights Act. ("DCHRA") § 2–1401.02.

9.  Defendant Marshall Moya Design LLC is a resident of the District of Columbia and is a covered employer within the provisions of 42 USCS § 2000e (b) which states that the term "employer" means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person.

10. Further, Defendant is a covered employer within the meaning of DCHRA § 2–1401.02.

## FACTUAL ALLEGATIONS

11. Mr. Wang is a 45 year old immigrant from China who has lived in the United States for 18 years.

12. On September 12, 2017, Mr. Wang was hired by Defendant Marshall Moya Design LLC to work as a Senior Project Architect.

13. Mr. Wang was to be paid a base salary of $39.90 per hour the equivalent of an annualized amount of $83,000.

14. Subsequently, Mr. Wang was placed under the supervision of a much younger, inexperienced and non-registered architect Tony Newman, the

3

Project Manager to work on the District of Columbia Entertainment and Sports Arena (ESA).

15. While Mr. Wang was designated as a Senior Project Architect, he was never allowed to personally visit the construction site. He was barred by Tony Newman[Caucasian American] from attending meetings concerning the construction project. He was barred from being included on work project emails, phone calls and project meetings without any justifiable explanation contrary to widely required policy and practice in the architectural industry.

16. He was blocked by MMD from being part of corporate emails discussing the construction project starting from late October 2017 after he replied to an email sent by Xi Cheng, a mechanical engineer from Setty & Associates, in New York about a calculation inquiry regarding the Leadership in Energy and Environmental Design (LEED)

17. In October 2017, Tony Newman[American] was promoted as Director of Architecture. Mr. Newman unleashed a flurry of discriminatory conduct upon Mr. Wang which included unjustified negative or lowered evaluations of his work, disparagement, workplace sabotage, among others.

18. Newman inflicted heightened scrutiny on Mr. Wang which was not inflicted on other similarly situated non Chinese workers and American workers. He was not allowed to take any phone calls while at work while the other architects would freely take phone calls while at work.

19. For instance Don Keppler,[Caucasian American] would freely make and receive phone calls as he pleased. Another employee Jan Bigas [American] made phone calls repeatedly during work hours uninterrupted often loudly and inconveniencing other employees. Don Keppler never filed his time sheets on time but was always paid for work done.

20. On one instance Don Keppler took two months without filing any time sheets and he was still paid on time and never disciplined by Newman or admonished. On the other hand Tony Newman demanded that Wang write every single detail and minute spent on every work task that he performed and he demanded that Wang file time sheets for each task done.

21. Wang was stopped by Newman from physically visiting the ESA construction site despite being the Senior Project Architect. On the other hand the other architects including Don Keppler were freely allowed to go to the construction site daily. Newman also inspected the construction site daily. Wang was isolated by Newman from actively participating in the work process by excluding him from work emails concerning the construction project.

22. In October 2017, Newman told Wang that , you are too old to learn the new program Revit." Tony Newman added that, " It is difficult for people in your age to learn new things". Upon information and belief Newman was below the age of 35.

23. Wang always timely reported to work and was the first person in the office daily showing up at 8:30am and was the last person to leave the office. Wang worked overtime fixing errors on drawings by other employees on weekends. On the other hand Don Keppler and several other employees would show up any time and would not be disciplined or cautioned. Tony Newman himself would show up anytime and would often decide to work form home whenever he pleased.

24. On November 3, 2017, Mr. Wang reported his grievance to Jenny Lopez, the Human Resources Manager of MMD. Wang reported the frequent unreasonable unjustified performance reviews that he had been subjected to by Newman which had made his ability to perform his tasks difficult. Wang complained of the discriminatory conduct that he was experiencing at the hands of Newman.

25. In November 2017, Newman had told Wang that Ï cannot work with you anymore".

26. Wang asked him," Why don't you want to work with me anymore, don't you like Chinese people?". Tony Newman is not a licensed architect, he is not even a registered architect but was promoted to the position of Director of Architecture despite having only just graduated from school approximately three years ago.

27. During the grievance meeting with Jenny Lopez, Wang was informed that Newman had been promoted as his Director.

28. Wang made a grievance to Lopez stating that he was being treated differently by Newman because of his national origin as a Chinese and that Newman had repeatedly interfered with his job duties, denied access to working emails, denied site visits, blocked from taking part in phone calls, blocked from meetings at work.

29. Lopez failed to provide any feasible resolution of Mr. Wang's dispute. She told Mr. Wang to collect all his working questions at the end of the day and email them to Tony for coordination.

30. On December 15, 2017, Mr. Wang had a second meeting with Jenny Lopez MMD's Human Resources to discuss the three months probationary period and his other grievances.

31. Mr. Wang was told that he would continue working with MMD and would be assigned a new project involving an 800 Unit Residential Tower on New York Avenue.

32. On December 15 2017, Mr. Wang was subjected to hostile and harassing discriminatory conduct by Jon Bigas [American] the Project Manager of MMD's Marketing Department. While in MMD's office lobby, Bigas told Wang that ,"*Peng you come from China, you must be a Chinese Spy.*"

33. Bigas further added that" , *Wang you can't be trusted"* .  This allegation was very humiliating to Mr. Wang and caused him serious emotional distress. He responded to Bigas, that he has been in the United States for 18 years.(The Chinese consulate is located downstairs on the same building as MMD).

34. Mr. Wang complained on more than one occasion about such comments, including on at least two occasions in November and December directly to Jenny Lopez, explaining that these degrading comments were offensive and made his work more stressful.

35. On one incident, Tony Newman openly stated in the Office while talking to Jon Bigas that there are two many Asians in the office. Wang was the only Chinese employee in the office. He was isolated by Newman and nobody at the office talked with him.

36. Newman was inept at the performance of his job. The drawings by Newman were poor quality and yet Newman as Project manager controlled quality at MMD. Newman had just recently graduated from college approximately 3 years.

37. Newman told Wang during the November 3, 2017 meeting with Jenny Lopez that he should not call or email any consultant, client, engineers, architect concerning the ESA project that they were working on.

38. This made Wang's work almost impossible to perform because half of his duties and responsibilities were supposed to be administrative in nature.

39. He would have to talk to engineers, builders, contractors, architects, clients in order to successfully perform his duties and responsibilities. The coordination responsibilities of his job were cut-off. Jenny Lopez agreed with Newman's arbitrary conduct to clip Wang's employment responsibilities.

40. None the less, Wang continued to work overtime and was never compensated for the overtime. Mr. Wang has a stellar work experience and professional record having almost 20 years worth of a successful domestic and international architectural portfolio.

41. MMD placed Wang under the direction and supervision of an unlicensed and unregistered architect Tony Newman. Wang was subjected to frequent harassing conduct and isolated at the work place because of his Chinese national origin and his age.

42. Newman is younger, less qualified, but was made Wang's supervisor by MMD.

43. On January 5, 2018, proceeding with the consistent heightened scrutiny, Tony Newman approached Wang and stated to him that he was not pleased with Wang for having changed the *font* in a document.

44. A meeting with Human Resources was scheduled wherein Newman discussed the Roofing and Insulation at the D.C Entertainment and Sports Arena. While Newman had blocked Wang from ever visiting the site, he wrongly blamed Wang for not having included a protection board on the roof to block off humid air from rising to the roof.

45. This was unfair because Newman and Don Keppler inspected the construction site daily and they were required and under a duty to include the protection board. They instead blamed Wang who had been blocked from ever inspecting the site to observe the developments in construction and to make any changes.

46. MMD abruptly terminated Wang's employment subjecting him to damages. Wang filed a charge of discrimination against MMD with the U.S Equal Opportunity Employment Commission (EEOC) docketed as charge no. 570-2018-00861.

47. A right-to-sue was issued by the EEOC on January 18, 2018 for charge number 570-2018-00861.

48. The conduct of Defendants has caused Plaintiff to suffer physical and monetary damages.

**49.** All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals' employment, agency or representation.

50. Serious punitive damages need to issue to punish Defendants conduct and to deter other similarly situated companies from undertaking similar misconduct with impunity.

## CAUSES OF ACTION

### COUNT 1
### RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT 1964 42 U.S.C. §2000e *et seq*

51. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

52. By the above acts, Defendant Marshall Moya Design LLC violated Title VII of the Civil Rights Act 1964 by discriminating against Wang because of his race as Asian.

53. Defendant has no legitimate, nondiscriminatory reason for its actions.

54. Wang is now suffering and will continue to suffer irreparable injury and monetary damages as a result.

55. WHEREFORE, as to Plaintiff's claim that Defendant is in violation of Title VII of the Civil Rights Act's prohibition of discrimination on the basis of race and color prays that this Court enter judgment against Defendant; For any back and front wages, salary, employment benefits, or other compensation to which Mr. Wang is entitled by reason of this Title VII violation; all damages acceptable by law, including statutory and compensatory damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees and costs of this action, equitable relief, and such other and further relief that is just and proper.

## COUNT 2
## NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT 1964 42 U.S.C. §2000e *et seq*

56. Mr. Wang incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

57. By the above acts, Defendant. violated Title VII of the Civil Rights Act 1964 by discriminating against  Mr. Wang because of his national origin as an immigrant from China.

58. Defendant has no legitimate, nondiscriminatory reason for its actions.

59. Wang is now suffering and will continue to suffer irreparable injury and monetary damages as a result.

60. WHEREFORE, as to Plaintiff's claim that Defendant is in violation of Title VII of the Civil Rights Act's prohibition of discrimination on the basis of national origin, Wang prays that this Court enter judgment against Defendant; For any back and front wages, salary, employment benefits, or other compensation to which Mr. Wang is entitled by reason of this Title VII violation; all damages acceptable by law, including statutory and compensatory damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees and costs of this action, equitable relief, and such other and further relief that is just and proper.

## COUNT  3

**RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT**

61. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated here in *seriatim*.

62. By the above acts, Defendant violated the Title VII of the Civil Rights Act 1964 provisions prohibiting retaliation against an employer who opposes discrimination, and participates in protected activity.

63. The protected activity included reporting discriminatory acts to superiors, and subsequent participation in such proceeding.

64. At all times pertinent to this action Defendant was an employer subject to the provisions of section Title VII of the Civil Rights Act.

65. Defendant is liable for the discriminatory and retaliatory actions of its Officers.

66. At all pertinent times, Mr. Wang was an employee entitled to protection under the Title VII of the Civil Rights Act.

67. Title VII of the Civil Rights Act prohibits discrimination in employment based on an individual's race and national origin and prohibits retaliation for engaging in protected activity.

68. Defendant in blatant violation of Plaintiff's rights under Title VII of the Civil Rights Act, knowingly, wantonly, intentionally and with conscious disregard of Plaintiff's rights, engaged in unlawful retaliation by repeatedly harassing Plaintiff, issuing false and unjustified performance evaluations against Plaintiff and finally terminating Mr. Wang abruptly for opposing discrimination and participating in protected activity.

69. As stated above, Defendants discriminated against Plaintiff on the basis of his race as Asian and his national origin from China

70. Defendant has no legitimate business reason for such retaliatory acts.

71. Mr. Wang is now suffering and will continue to suffer irreparable injury and monetary damages

72. WHEREFORE, for Defendant Marshall Moya Design LLC's retaliation in violation of Title VII of the Civil Rights Act, Wang prays that this Court enter Judgment against Defendant for; any wages, salary, employment benefits, or other compensation that Plaintiff is entitled to; any and all damages acceptable by law, including compensatory damages, pre-

judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees and costs of this suit, equitable relief, and such other and further relief as Plaintiff may be entitled to.

**COUNT 4**

**RACE DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT PURSUANT TO D.C. Code  § 2-1401.01, § 2-1403.16**

73. Mr. Wang incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

74. By the above acts, Defendant violated the District of Columbia Human Rights Act by discriminating against Mr. Wang because of his race as an Asian.

75. Mr. Wang is now suffering and will continue to suffer irreparable injury and monetary damages as a result.

76. WHEREFORE, as to Plaintiff's claim that Defendants are in violation of the District of Columbia Human Rights Act, Wang prays that this Court enter judgment against Defendants, For any back and front wages, salary, employment benefits, or other compensation to which Mr. Wang is entitled by reason of this DCHRA violation; all damages acceptable by law, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees and costs of this action, equitable relief, and such other and further relief that is just and proper.

**COUNT 5**

**NATIONAL ORIGIN DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT D.C. Code § 2-1401.01, § 2-1403.16**

77. Mr. Wang incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

78. By the above acts, Defendant violated the District of Columbia Human Rights Act by discriminating against Mr. Wang because of his national origin from China.

79. Wang is now suffering and will continue to suffer irreparable injury and monetary damages as a result.

80. WHEREFORE, as to Plaintiff's claim that Defendants are in violation of the District of Columbia Human Rights Act for national origin discrimination, Wang prays that this Court enter judgment against Defendants, For any back and front wages, salary, employment benefits, or other compensation to which Mr. Wang is entitled by reason of this DCHRA violation; all damages acceptable by law, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees and costs of this action, equitable relief, and such other and further relief that is just and proper.

**COUNT  6**

**AGE DISCRIMINATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT D.C Code § 2-1401.01, § 2-1403.16**

81. Mr. Wang incorporates by reference all paragraphs of this Complaint as though fully stated herein *seriatim*.

82. By the above acts, Defendant violated the District of Columbia Human Rights Act by discriminating against Wang because of his age.

83. Mr. Wang's much younger supervisor Newman harassed and lambasted him in October 2017, Newman told Wang that, you are too old to learn the new program Revit." Tony Newman added that, " It is difficult for people in your age to learn new things". Upon information and belief, at all times pertinent to this action Newman was below the age of 35. Defendant fired Wang and replaced him with much younger employees.

84. Wang is now suffering and will continue to suffer irreparable injury and monetary damages as a result.

85. WHEREFORE, as to Plaintiff's that Defendant is in violation of the District of Columbia Human Rights Act, Wang prays that this Court enter judgment against Marshall Moya Design LLC, For any back and front wages, salary, employment benefits, or other compensation to which Mr. Wang is entitled by reason of this DCHRA violation; all damages acceptable by law, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees and costs of this action, equitable relief, and such other and further relief that is just and proper.

## COUNT   7

**RETALIATION IN VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT D.C Code  § 2-1402.61 AND  §2-1402.62. (DCHRA)**

86.  Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated here in *seriatim.*

87. At all times pertinent to this action Defendant Allied Aviation Inc. was an employer subject to the provisions of the D.C. Human Rights Act, 2-1401 *et. seq.* of the District of Columbia Code.

88. By the above acts, Defendants are liable for their discriminatory and retaliatory acts under the DCHRA.

89. At all pertinent times, Mr. Wang was an employee entitled to protection under the D.C Human Rights Act.

90. The D.C Human Rights Act prohibits discrimination in employment based on an individual's race and national origin and prohibits retaliation for engaging in protected activity.

91. Defendant in blatant violation of Plaintiff's rights under the DCHRA, knowingly, wantonly, intentionally and with conscious disregard of Plaintiff's rights, engaged in unlawful retaliation by repeatedly harassing Plaintiff, issuing false and unjustified performance evaluations against Plaintiff and finally terminating Mr. Wang abruptly for opposing discrimination and participating in protected activity.

92. As stated above, upon information and belief, Defendants discriminated against Plaintiff on the basis of his race as Asian and his national origin as Chinese.

93. Wang reported the discriminatory acts to his superiors, opposing discrimination and retaliatory acts of Defendant.

94. Defendants have no legitimate business reason for such retaliatory acts.

95. WHEREFORE, for Defendant's retaliation in violation of the DCHRA, Wang prays that this Court enter Judgment against Defendants for; any wages, salary, employment benefits, or other compensation; any and all damages acceptable by law, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees and costs of this suit, equitable relief, and such other and further relief as Plaintiff may be entitled to.

**PRAYER FOR RELIEF**

96. WHEREFORE, Plaintiff Mr. Wang prays for judgment in his favor for; all wages, salary, employment benefits, or other compensation to which he is entitled arising from Defendant's violations; Further, Wang prays for judgment in his favor and against Defendant for; any and all damages acceptable by law, including compensatory damages, statutory damages, punitive damages, pre-judgment interest at the legal rate, post-judgment interest at the judgment rate, attorney's fees as may be awarded by the Court, the costs of this action, equitable relief, relief pleaded in the

preceding paragraphs,  and such other and further relief as Plaintiff may be entitled to by bringing this action.


**JURY DEMAND**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CASE**


Respectfully submitted and dated this 16th day of April, 2018,



**KNA PEARL**

By:*/s/Andrew Nyombi*
Andrew Nyombi Esq
  (Bar NO. MD0010)
  8701 Georgia Ave
  Suite 606
   Silver Spring, MD 20910
  Tel: (301) 585-1568
  Fax: 1 800 250 7923
   anyombi@enylaw.com
  *Attorney for Plaintiff.*